IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRANDI GATLIN                                                                                       PLAINTIFF

v.                                            CIVIL NO. 06-1054

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                      DEFENDANT

O R D E R

  Plaintiff, Brandi Gatlin, appealed the Commissioner's denial of benefits to this court. On October 10, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10). Plaintiff now moves for an award of $2,500.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20 hours of work before the court at an hourly rate of $125.00. (Doc. # 11). The defendant has filed a response objecting to 1.50 hours of time submitted on June 1, 2006, June 5, 2006, and July 1, 2006, because said would could have been performed by support staff and is, therefore, not compensable under the EAJA. (Doc. # 14).

  Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The Commissioner does not oppose the award of a reasonable attorney's fee under the EAJA, does not object to the hourly rate requested by plaintiff's counsel for attorney's fees and does not dispute the number of hours expended by counsel. (Doc. #13). The court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the

problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit.  *Pierce v. Underwood,* 487 U.S. 552, 573 (1988)*.*  The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim."  *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*,* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).*  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $125.00. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)92)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has not attached a summary of the Consumer Price Index as an exhibit to his brief. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $125.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for a total of 1.0 hours on June 1, 2006, for the preparation of affidavits, summonses, and a letter to the clerk; .50 hour on June 5, 2006, for the preparation of three certified letters, .50 on July 1, 2006, for the preparation of an affidavit and letter to the clerk, and .50 hour on July 7, 2006, for the review of the file and preparation of a letter to his client. This time cannot be compensated under the *EAJA*. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff

is not compensable under the EAJA).  Accordingly, we deduct 2.50 hours from the total number of compensable hours sought.

Plaintiff also seeks 15 hours for the preparation of a fourteen page appeal brief and .50 hour for receiving and reviewing the defendant's motion to remand.  We find this time to be excessive. Therefore we are reducing plaintiff's requested time by 3.25 hours.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 14.25 (20-5.75) hours for attorney's fees, at the rate of $125.00 per hour for a total attorney's fee award of $1,781.25.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 14th day of February 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE